IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LDM GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| OPTIMIZERx CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff LDM Group, LLC ("LDM Group") and for its Complaint against Defendant OptimizeRx Corporation, states as follows:

### Parties

1.      LDM Group is a limited liability company organized and existing under Missouri law with its principal place of business at 10845 Olive Blvd, Creve Coeur, MO 63141.

2.      Defendant OptimizeRx Corporation ("OptimizeRx") is a Michigan corporation, with its principal place of business at 407 Sixth Street, Rochester MI 48307.

3.      OptimizeRx is infringing upon U.S. Patent No. 8,121,868 B1, issued on Feb. 21, 2012, and LDM Group seeks damages and injunctive relief to stop and remedy Defendant OptimizeRx's patent infringement.

### Jurisdiction and Venue

4.      This is a civil action brought by LDM Group for patent infringement committed by Defendant OptimizeRx and arising under the patent laws of the United States, specifically, Title 35 of the United States Code.

1866878.3

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

7. A substantial part of the events giving rise to LDM Group's claims occurred in this District, and Defendant OptimizeRx may be found and/or resides in this District by virtue of its deployment of technologies through affiliates and a national network of pharmacies, including within the Eastern District of Missouri.

### Background

8. United States Patent No. 8,121,868 B1 ("the '868 patent") issued on February 21, 2012, bearing the title "SYSTEMS AND METHODS FOR PROVIDING AN INDUCEMENT TO PURCHASE INCIDENT TO A PHYSICIAN'S PRESCRIPTION OF MEDICATION." A copy of the '868 patent is attached hereto as Exhibit 1.

9. LDM Group is the owner by assignment of all right, title and interest in and to the '868 patent and has full and exclusive right to bring suit and enforce the '868 patent.

10. The '868 patent claims the invention of a method which does not require significant hardware investment for making available targeted content to a prescription medication patient while the patient is still in a physician's office, as set forth in Claims 1-11 of the '868 Patent, at Columns 23-24 thereto.

11. Directly and/or through affiliates and intermediaries, in the United States and in this District, Defendant OptimizeRx makes, uses, sells, offers, performs and actively induces others to use and/or perform systems and/or methods for targeting content to patients while in a physician's office based upon prescription information.

12. Defendant OptimizeRx markets this method on the Internet and through other means, in the United States and this Judicial District, as an integrated version of its SampleMD product ("Integrated SampleMD").

13. Defendants' Integrated SampleMD method is intended to function as advertised by Defendant OptimizeRx and its affiliates by making available targeted offers to a prescription medication patient while the patient is still in a physician's office.

14. The steps of Defendant OptimizeRx's Integrated SampleMD method are performed by Defendant, doctors, e-prescribers, and/or pharmacies in the United States and upon information and belief, in this District.

15. Defendant OptimizeRx's Integrated SampleMD method, as summarized above and more fully described in marketing and technical materials, uses systems and methods that perform the elements of the claims of the '868 patent.

16. Defendant OptimizeRx, directly and/or through intermediaries, has for a time past and still is directly infringing and/or inducing direct infringement, by purposefully selling, offering for sale, and/or implementing the Integrated SampleMD systems and methods in the United States and the State of Missouri, and, more specifically, in this District, in competition with LDM Group's systems and methodology for targeting offers to patients in a physician's office.

## CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 8,121,868 B1 by Defendant OptimizeRx

17. LDM Group hereby incorporates, as though fully set forth herein, the allegations of the foregoing paragraphs of this Complaint.

3

18. Defendant OptimizeRx has infringed and continues to infringe the '868 patent by making, using, selling, performing and/or offering for sale within the United States or importing into the United States systems and/or methods that embody one or more of the claims of the '868 patent, and/or by contributing to infringement, inducing others to infringe the '868 patent, and/or carrying on acts constituting infringement under 35 U.S.C. § 271.

19. On information and belief, Defendant OptimizeRx knew of LDM Group's patented technology, including the '868 patent, before the initiation of the present action and therefore OptimizeRx's actions have been both willful and deliberate.

20. Defendant OptimizeRx will continue to willfully infringe the '868 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to LDM Group.

21. As a direct and proximate result of the infringement by Defendant OptimizeRx of the '868 patent, LDM Group has been and continues to be damaged in an amount yet to be determined.

## **REQUEST FOR RELIEF**

WHEREFORE, LDM Group respectfully prays for judgment against Defendant OptimizeRx as follows:

A. For a judgment holding Defendant OptimizeRx liable for infringement of the '868 patent;

B. For an award of damages adequate to compensate LDM Group for Defendant OptimizeRx's infringement of the '868 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C. For injunctive relief enjoining Defendant OptimizeRx, its officers, agents, servants, employees and attorneys and all other persons in active concert or participation with it as follows:

      (i)      from manufacturing any systems or performing and/or inducing performance of any methods falling within the scope of the claims of the '868 patent;

      (ii)     from using any system, method or providing services falling within the scope of any of the claims of the '868 patent;

      (iii)    from selling, offering to sell, licensing or purporting to license any system, method or offering services falling within the scope of any of the claims of the '868 patent;

      (iv)    from actively inducing others to infringe any of the claims of the '868 patent;

      (v)     from engaging in acts constituting contributory infringement of any of the claims of the '868 patent; and

      (vi)    from all other acts of infringement of any of the claims of the '868 patent;

D.    That this be declared an exceptional case and that LDM Group be awarded its attorneys fees against Defendant OptimizeRx pursuant to 35 U.S.C. § 285;

E.    For an award of LDM Group's costs of this action; and

F.    For such further relief as this Court deems LDM Group may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff LDM Group demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  November 2, 2012                    Respectfully submitted,

                                        **LEWIS, RICE & FINGERSH, L.C.**

By:   /s/ *Bridget G. Hoy*
          Richard B. Walsh, Jr., # 33523MO
          Bridget G. Hoy, # 50733MO

600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101
Telephone:  (314) 444-7600
Facsimile:  314) 241-6056

**Attorneys for Plaintiff LDM Group, LLC**